UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ROBERT SMITH,<br><br>            Plaintiff,<br><br>            v.<br><br>PAUL ANNANIAS,<br><br>            Defendant(s). | Case No. EDCV 19-462-JFW (KK)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Jack Robert Smith ("Smith"), proceeding pro se and in forma pauperis, filed a Second Amended Complaint ("SAC") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Smith appears to be alleging a violation of his Fourteenth Amendment substantive due process rights, and may also be attempting to state a First Amendment retaliation claim and a state law claim for defamation. For the reasons discussed below, the Court dismisses the SAC with leave to amend.

## II.
## **BACKGROUND**

Smith is a civilly committed detainee at Metropolitan State Hospital. See Smith v. Oreol, No. CV 17-5943-JFW (KK), 2018 WL 6682424, at *1 (C.D. Cal. Oct. 29,

2018), report and recommendation adopted, No. CV 17-5943-JFW-KK, 2018 WL 6681192 (C.D. Cal. Dec. 19, 2018).[1] On November 15, 2012, Smith was ordered committed to the care of Patton State Hospital for a period not to exceed nineteen years and eight months based on findings by the Los Angeles County Superior Court that he was guilty of assault with a firearm, carrying a loaded firearm, and exhibiting a firearm, but that Smith was not sane within the meaning of Section 1026 of the California Penal Code ("Section 1026") at the time of the commission of the offense.[2] Id.

On March 7, 2019, Smith constructively filed[3] a Complaint against the medical director of Metropolitan State Hospital, Paul Annanias ("Annanias"), alleging a violation of Smith's Fourteenth Amendment rights. ECF Docket No. ("Dkt.") 1. Smith alleged Annanias "'failed to perform his legal/moral duty as a doctor' by intentionally not providing a remedy to [Smith's] Complaint of 'suffering from emotional distress,' as a result of 'unnecessary hospitalization.'" Id. at 11.

---

[1] The Court takes judicial notice of Smith's prior proceedings in this Court. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[2] Section 1026.2 of the California Penal Code provides that a person found not guilty by reason of insanity may apply for release upon the ground that his or her sanity has been restored pursuant to a two-step procedure. Cal. Penal Code § 1026.2. The application for restoration of sanity may be made either by the person, or by the medical director of the state hospital or other treatment facility to which the person is committed. Id. § 1026.2(a). First, upon finding that the applicant will not be a danger due to mental defect while under supervision and treatment in the community, the state court is required to place the applicant with an appropriate forensic conditional release program ("CONREP") for one year. Id. § 1026.2(e). Second, following successful completion of the one-year CONREP program, the state court must hold a trial to determine whether the applicant has been restored to sanity, "which means the applicant is no longer a danger to the health and safety of others, due to mental defect, disease, or disorder", and, therefore, unconditional release should be granted. Id. § 1026.2(e).

[3] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to Section 1983 suits filed by pro se prisoners"); Jones v. Blanas, 393 F.3d 918, 926 (9th Cir. 2004) (holding civilly confined individuals are entitled to the "mailbox rule").

2

On March 26, 2019, the Court dismissed the Complaint with leave to amend for failure to state a claim. Dkt. 6.

On April 7, 2019, Smith constructively filed a First Amended Complaint ("FAC") against defendant Alex Sabha ("Sabha"), a psychiatrist at Metropolitan State Hospital, in his individual capacity. Dkt. 7. Smith alleged Sabha violated Smith's Fourteenth Amendment substantive due process rights by punishing Smith and intentionally causing Smith emotional harm by writing false and "damaging" reports regarding Smith's mental health with the goal of keeping Smith unnecessarily hospitalized. Id.

On May 2, 2019, the Court dismissed the FAC with leave to amend for failure to state a claim. Dkt. 8.

On May 23, 2019, Smith filed the SAC against Sabha in his individual capacity. Dkt. 10. Smith alleges he met with Sabha on January 3, 2019, the day after Smith was transferred from Patton State Hospital to Metropolitan State Hospital. Id. at 4. Smith alleges Sabha wrote a "false baseless malicious report[]" diagnosing Smith as bipolar "with no factual basis" for such diagnosis "within minutes of meeting" Smith in order to punish him. Id. at 4. Smith also alleges Sabha wrote the false report "to retaliate against [Smith] for [Smith's] lawsuit against a Patton [State Hospital] employee," which Smith had told Sabha about in their meeting. Id. In addition, Smith claims a false bipolar diagnosis is sufficient to state a claim for defamation. Id. Smith seeks monetary and punitive damages. Id. at 7.

## III.

## **STANDARD OF REVIEW**

Where a plaintiff is proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such

3

relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual

4

allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## **DISCUSSION**

### A. THE SAC FAILS TO STATE A FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM

**1. Applicable Law**

The Fourteenth Amendment's due process clause requires housing civilly committed persons "in conditions of reasonable care and safety [and] reasonably nonrestrictive confinement conditions[,]" including "adequate food, shelter, clothing, . . . medical care" and personal safety. Youngberg v. Romeo, 457 U.S. 307, 324, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982); Hydrick v. Hunter, 500 F.3d 978, 996 (9th Cir. 2007), cert. granted, judgment vacated on other grounds, 556 U.S. 1256, 129 S. Ct. 2431, 174 L. Ed. 2d 226 (2009). However, a civilly committed person may be subjected "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." Bell v. Wolfish, 441 U.S. 520, 536-37, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). A government action constitutes punishment if "(1) the action causes the

detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action is to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004) (citing Bell, 441 U.S. at 538). "[T]o constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." Id. (citing Bell, 441 U.S. at 537 ("Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'")).

**2. Analysis**

Here, it appears Smith is alleging Sabha's "false" report diagnosing Smith as bipolar amounts to punishment in violation of the Fourteenth Amendment because it "will cause unnecessary continued hospitalization" and Smith "could be trapped in this hospital indefinitely." Dkt. 10 at 4.

While it is not clear what injury Smith claims resulted from the "malicious" report, Smith appears to claim the report has obstructed his pending Section 1026.2 petition, and caused stigma and defamation. Id. First, Smith has not alleged any facts to support his assertion that Sabha's allegedly false report has caused obstruction of Smith's Section 1026.2 petition. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir.2000) ("In a constitutional tort, as in any other, a plaintiff must allege that the defendant's actions caused him some injury."). Second, Smith has failed show the speculative stigma of a bipolar diagnosis either significantly exceeds, or is independent of, the inherent discomforts of confinement. Demery, 378 F.3d at 1030. Third, defamation is a state law cause of action, not a constitutional injury.

In addition, the gravamen of Smith's SAC remains that he believes he should be immediately released, rather than participate in the process provided by Section

6

1026.2.[4]  However, Smith's doctors have no statutory or constitutional obligation to recommend him for immediate release.  See Cal. Penal Code § 1026.2(a) (Section 1026.2 permits, but does not require, a director of a state hospital to file an application for restoration of sanity on behalf of a patient); Badea v. Cox, 26 F.3d 129 (9th Cir. 1994) (finding plaintiff did not have a liberty interest in being transferred to a community treatment center because the statute providing such discretion to prison administrators did not "direct that a given action will be taken or avoided").

Hence, Smith's Fourteenth Amendment substantive due process claim is again subject to dismissal.

**B.  THE SAC FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM**

**1.  Applicable Law**

As with prisoners, "civilly committed persons retain those First Amendment rights not inherently inconsistent with the circumstances of their detention." Hydrick, 500 F.3d at 991 (citing Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987)); Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 972 (9th Cir. 2010) (holding "the retained constitutional rights of prisoners and detainees alike [a]re subject to restrictions and limitations based on institutional needs and objectives").  A viable claim of First Amendment retaliation entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct; (4) the adverse action caused harm that was more than minimal or "would chill or silence a person of ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 562, 567-68, n.11 (9th Cir. 2005).

///

---

[4]  Therefore, it appears Smith's failure to comply with Section 1026.2 is a significant factor causing his continued hospitalization.

1 | **2. Analysis**

Here, to the extent Smith is attempting to state a First Amendment retaliation claim against Sabha, Smith has not plausibly alleged the false report was prepared "because of" Smith pursuing his right to file a complaint against an employee at a different hospital. Rizzo v. Dawson, 778 F.2d 527, 532 n.4 (9th Cir. 1985) (finding "bare allegations of arbitrary retaliation" are insufficient to state a retaliation claim). The mere possibility that Sabha was motivated by Smith's previous filing of a complaint against a state employee is not sufficient to state a claim. Day v. Killian, No. 1:13-CV-00679-MJS, 2014 WL 346626, at *3 (E.D. Cal. Jan. 30, 2014) (dismissing civil detainee's retaliation claim finding "[t]he fact that [defendant's] statement regarding Plaintiff's fitness to live alone is inconsistent with a previous statement made months prior does not establish that the Defendant's response was fueled by an improper motive").

Hence, Smith's First Amendment retaliation claim is subject to dismissal.

## C. THE COURT DECLINES TO EXERCISE SUBJECT MATTER JURISDICTION OVER SMITH'S STATE LAW CLAIMS

The Court has original jurisdiction solely over Smith's federal law claims, which should be dismissed for the reasons set forth above. "Where a district court 'dismiss[es] every claim over which it had original jurisdiction,' it retains pure[] discretion[]' in deciding whether to exercise supplemental jurisdiction over the remaining claims." Lacey v. Maricopa Cty., 693 F.3d 896, 940 (9th Cir. 2012) (alterations in original); see also 28 U.S.C. § 1367(c). Thus, to the extent Smith is attempting to state a defamation claim, the Court declines to exercise supplemental jurisdiction. Accordingly, Smith's state law claims must be dismissed for lack of jurisdiction.

///
///
///

8

# V.

## **LEAVE TO FILE A THIRD AMENDED COMPLAINT**

For the foregoing reasons, the SAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the SAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court finds Plaintiff has failed to plead sufficient facts, which, accepted as true, would state a claim to relief, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in a Third Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will recommend to the assigned district judge that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge, as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Third Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Third Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Third Amended Complaint, he must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. **Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the SAC.** In addition, the Third Amended Complaint must be

complete without reference to the SAC, FAC, Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Third Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Third Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Third Amended Complaint with claims on which relief cannot be granted, the Third Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

///
///
///
///
///
///

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: June 21, 2019

*Kenly* (signature)

HONORABLE KENLY KIYA KATO
United States Magistrate Judge